UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SHERMAN TODD PENEAUX,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:23-CV-03023-RAL<br><br><br>OPINION AND ORDER DISMISSING PETITION |

Petitioner Sherman Todd Peneaux filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Although Peneaux does not state that he is challenging the validity of his conviction or sentence, see id. at 4, he requests that the Court overturn his conviction or correct his sentence. Id. at 8.

I.   **Procedural Background**

Peneaux was sentenced by "Federal Court in Rapid City[,] South Dakota[,]" but he does not provide the criminal docket number or date of sentencing. Id. Similarly, Peneaux did not provide the date of filing, docket number, case number or opinion number for any of the three appeals his petition alleges he filed. Id. at 2–4. This Court takes judicial notice of the file in Peneaux's underlying criminal conviction in the District of South Dakota, United States v. Sherman T. Peneaux, 3:03-cr-30025-RAL.[1]   A jury convicted Peneaux of four counts of

---

[1] Citations to Peneaux's criminal case hereafter will be "CR Doc." followed by the document number from the Case Management/Electronic Case Filing (CM/ECF) system. Citations to pleadings from the present case, 3:23-CV-03023-RAL, in which this Opinion and Order is being entered will be "Doc." followed by the CM/ECF document number.

aggravated sexual abuse, assault with a dangerous weapon, and assault resulting in bodily injury. CR Doc. 122. Peneaux was sentenced to 180 months in prison followed by five years of supervised release. CR Doc. 144. Peneaux appealed, and the United States Court of Appeals for the Eighth Circuit affirmed his convictions. CR Doc. 167. The Supreme Court of the United States denied Peneaux's petition for a writ of certiorari on October 2, 2006. CR Doc. 170. In May 2017, Peneaux filed a motion under 28 U.S.C. § 2255 challenging his conviction. CR Doc. 172. An order denying Peneaux's § 2255 motion was entered on November 27, 2007. CR Doc. 181. The District Court and the Eighth Circuit denied Peneaux's applications for certificate of appealability, and Peneaux's appeal was dismissed. CR Doc. 187; CR Doc. 190.

In June 2009, Peneaux filed a second § 2255 motion, which was dismissed for lack of jurisdiction because Peneaux did not obtain certification from the United States Court of Appeals for the Eighth Circuit to file a successive petition. See Sherman T. Peneaux v. United States, 3:09-cv-3012-RHB, Doc. 4. The Eighth Circuit denied Peneaux's application for a certificate of appealability and dismissed his appeal. Id. at Doc. 14.

On September 27, 2022, Peneaux filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 once again challenging his 2004 convictions. Sherman Todd Peneaux v. United States, 5:22-cv-05084-KES. Magistrate Judge Daneta Wollmann recommended that Peneaux's petition be dismissed. Id. at Doc. 12. Rather than challenging the way his sentence is being carried out, Peneaux's § 2241 petition challenged the validity of his underlying conviction. Peneaux did not meet his burden of demonstrating that § 2255 relief in the sentencing court is unavailable or ineffective. Thus, it was properly construed as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Because Peneaux had not obtained certification from the Eighth Circuit Court of Appeals authorizing him to file a successive § 2255 motion, Magistrate Judge Wollmann

recommended that his petition be dismissed without prejudice. 5:22-cv-05084-KES, Doc. 12. Peneaux did not object to the report and recommendation. After reviewing the case de novo, Judge Karen E. Schreier adopted the report and recommendation in full, granted Respondent's motion to dismiss, and dismissed Peneaux's petition. 5:22-cv-05084-KES, Doc. 13.

## II.   Legal Analysis

When a petitioner files a petition for a writ of habeas corpus under 28 U.S.C. § 2241, this Court is to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. Thus, this Court must screen Peneaux's petition and dismiss the petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Section 2254 Cases; see Rule 1(b) of the Rules Governing Section 2254 Cases (extending the screening rule to petitions filed under § 2241). From a reading of the Peneaux's petition itself and as well as his previous filings in the District of South Dakota challenging his 2004 convictions, this Court can determine with confidence that it "plainly appears" that this Court does not have jurisdiction to order the relief Peneaux seeks.

The grounds for relief alleged in Peneaux's § 2241 petition filed on September 27, 2022, are substantially the same grounds for relief alleged in his pending § 2241 petition. In his 2022 petition, Peneaux alleged that "[t]he Court did not have any of my peers in [j]ury trial[,]" "[t]he Court used of court statements against me[,]" "[m]y attorney did not advise me of a dermatologist in my case[,]" and he "was convicted of several counts of aggravaited [sic] sexual abuse of a minor if so [he] would like to see DNA results in [his] case if you can't show me all the charges against me should be dismissed." Sherman Todd Peneaux v. United States, 5:22-cv-05084-KES, Doc. 1

at 6–8. In the pending § 2241 petition, Peneaux alleges that "[t]he Court did not have any of my peers in jury trial[,]" "my attorney did not advise me of a dermatologist to determine that those scars were not ciggerate [sic] burns[,]" and he "was convicted of several counts of aggravated sexual abuse of a minor and aggravated assault [and] . . . would like to determine the facts of [his] case to see the DNA results of [his] case if the court cannot then [he] would like to point out that the Court convicted him on the wrong charges[.]" Doc. 1 at 6–8. In the pending § 2241 petition, Peneaux alleges "[c]oercion by using candy [because] there's a video showing agents using candy to persuade [his] daughter to say things against [him]." Id. at 7. This is the first time that Peneaux has raised "coercion" as a ground for relief, but he makes no attempt to explain why he waited almost nineteen years after his conviction to raise this claim.

For the same reasons that Magistrate Judge Wollmann and Judge Schreier found that Peneaux's initial § 2241 petition was properly construed as a § 2255 motion to vacate, set aside or correct, this Court construes Peneaux's pending § 2241 petition as a § 2255 motion to vacate, set aside or correct. See Sherman Todd Peneaux v. United States, 5:22-cv-05084-KES, Doc. 12 at 5–7; Doc. 13. If a § 2255 motion qualifies as a successive motion, the failure of the petitioner to first obtain an order of authorization from the appropriate appellate court deprives the district court of subject matter jurisdiction to consider the motion. Burton v Stewart, 549 U.S. 147, 157 (2007) (per curiam). Peneaux did not obtain an order of authorization from the Eighth Circuit Court of Appeals before filing this action, which the Court finds is a successive motion. Thus, this Court does not have subject matter jurisdiction to consider Peneaux's petition.

Accordingly, it is

ORDERED that Peneaux's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc.1) is dismissed without prejudice to Peneaux obtaining an order of authorization from Eighth Circuit Court of Appeals to file a successive § 2255 motion. It is further

ORDERED that the Clerk of Court shall mail a copy of the petition, Doc. 1, this Opinion and Order, and the accompanying judgment to Respondent as well as mail a copy of this Opinion and Order and the corresponding judgment to Peneaux.

DATED this 2nd day of January, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE